35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felipe B. CRUZ, Plaintiff-Appellant,
v.
Les ASPIN, Secretary, Department of Defense, Defendant-Appellee.
 No. 93-55468.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 1, 1994.
Decided Sept. 9, 1994.
 
 Before: D.W. NELSON, and NOONAN, Circuit Judges, and KING,* District Judge.
 MEMORANDUM**
 Felipe Cruz ("Cruz") appeals the district court's dismissal of his Title VII discrimination claims against his employer, the Defense Contract Audit Agency ("DCAA" or "Agency"). Cruz, employed as a supervisory auditor (GM-13 level) at the DCAA, alleges that his advancement within the Agency repeatedly has been foiled in recent years, and that he has run into a "glass ceiling" based on his national origin (Filipino) and his race (Asian). Cruz asserts that, since 1986, he has been denied a promotion to a GM-14 position on at least eight separate occasions, and bases his present Title VII challenge on the DCAA's denial in 1991 of his application for a promotion to the Office Manager position at the DCAA's El Segundo office. Cruz claims that the district court erred both in concluding that he failed to establish a prima facie case of disparate treatment, and in concluding that he failed to establish a prima facie case on his claim that his DCAA supervisors illegally retaliated against him for filing an EEOC complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand for further proceedings.
 I. FAILURE-TO-PROMOTE CLAIM
 Cruz contends that the district court erred as a matter of law in concluding that he failed to establish a prima facie case of disparate treatment. We disagree. Although certain portions of the transcript of the oral hearing on the Rule 52(c) motion support Cruz's position, after an independent review of the record we conclude that the district court's written finding that "Mr. Cruz presented no evidence that either race or national origin was a factor in Mr. Cruz's not receiving the ... promotion," adequately supports the court's judgment. Cf. Kern Oil & Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1385-86 (9th Cir.1986) (noting that although a district court's findings are reviewed for clear error even where the court adopts a party's proposed findings verbatim, " 'close scrutiny' of the record is appropriate" in such circumstances) (internal citation omitted), cert. denied, 480 U.S. 906 (1987).
 At the oral hearing on the Rule 52(c) motion, the DCAA asserted that Cruz's failure-to-promote claim should be dismissed because Cruz had not "shown that he's more qualified for the position than Louis Bowers [the individual who was promoted]." After counsel for Cruz claimed that no such showing was required to establish a prima facie case, the court emphasized that "[Cruz is] not the only qualified applicant here. There are [seven]." The court thus appears to have accepted the employer's contention that a plaintiff in a failure-to-promote case must show that he or she was better qualified than the person who was promoted. If it were clear that the district court had accepted the DCAA counsel's argument and had based its ruling solely on Cruz's failure to establish that he was better qualified than Bowers, we would have to reverse. We know of no disparate treatment cases imposing such a requirement. The test, rather, is whether the plaintiff has offered evidence sufficient to " 'give rise to an inference of unlawful discrimination.' " Yartzoff v. Thomas, 809 F.2d 1371, 1373 (9th Cir.1987) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). This burden can be met in a variety of ways, and the mere fact that a plaintiff who was denied a promotion cannot show that he was "more qualified" than the individual who received the promotion does not necessarily preclude him from successfully raising an inference of discrimination.
 We uphold the district court's decision, however, because we agree that the evidence offered by Cruz failed to give rise to such an inference. It is true, as Cruz emphasizes, that he introduced evidence showing that he was a member of a class protected by Title VII, that he was among those qualified for the promotion, and that Bowers, a white male with roughly comparable qualifications, obtained the promotion. Cruz, however, introduced no evidence tending to show that the decision impermissibly was based on national origin or race. See Hagans v. Clark, 752 F.2d 477, 481-82 & n. 1 (9th Cir.1985) (stating that, in the sex discrimination context, regardless of whether the plaintiff has shown that a similarly qualified person of the opposite sex achieved the position, the plaintiff meets his or her prima facie case only by raising an inference that sex-based discrimination likely motivated the promotion decision). There is no direct evidence of discriminatory motivation in the record and the circumstantial evidence introduced by Cruz actually undermines his contention that the DCAA's decision was discriminatory. Cruz testified that, as a general matter, DCAA employees who work in the Field Detachment, such as himself, are at a significant disadvantage when it comes to promotions. He also conceded that the only other Filipino to have applied for a GM-14 position, Zennie Pangilinan, had been promoted to such a position two years previously. Although these latter facts alone would not be sufficient to defeat an inference of discrimination if the inference were supported by other evidence, the record here is entirely devoid of such evidence.
 II. RETALIATION CLAIM
 Cruz contends that the district court erred in concluding that he failed to establish a prima facie case of retaliation. We agree.
 "A plaintiff may establish a prima facie case of retaliation by showing that (1) he engaged or was engaging in activity protected under Title VII, (2) the employer subjected him to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987). There is no question that Cruz's decision to file an EEOC complaint is a protected activity under Title VII. Cruz also established that his performance rating dropped for the first time ever within months of filing the complaint, thereby carrying his burden of showing that he suffered an adverse employment decision. See id. at 1376 (stating that a performance rating drop constitutes an adverse employment decision within the meaning of Title VII). The only remaining question is whether Cruz's evidence established the necessary causal link between his EEOC filing and the adverse evaluation.
 At the oral hearing on the Rule 52(c) motion, the district court suggested that Cruz's only evidence of a causal link was that Warren Wright, Cruz's immediate supervisor, had raised his voice against him. The court also suggested that it did not believe the testimony of Rogers, who had testified that Wright was out to get Cruz. The court did not, however, question the credibility of Cruz or of any of his other witnesses. In its written conclusions of law, the court mentions only Wright's alleged "yelling" and the alleged impropriety of the investigation by the Inspector General's office. Cruz's evidence, however, was far more extensive. We conclude that, even disregarding the evidence discounted by the district court, that evidence establishes the causal link necessary to give rise to an inference of unlawful retaliation.
 Cruz testified that, immediately after filing the EEOC complaint, he informed Wright of his action. Cruz claimed that Wright told him that he "didn't have any leg to stand on" and suggested that his rating could decrease as a result of having filed the complaint. Cruz also detailed what he described as unusually close supervision from Wright and his successor and a pattern of retaliatory harassment in the ensuing months. He explained that, within two or three months of his filing of the complaint, Wright had his unit perform a special, time-consuming "floor check" despite considerable time pressure to finish scheduled audits. He further claimed that Wright gave conflicting instructions to him and the people working under him. He noted that one auditor was transferred out for 3-4 weeks in June 1991 and that another was transferred out permanently in July, leaving his unit shorthanded. Finally, Cruz introduced evidence tending to show that his performance rating decrease was arbitrary. He testified that, prior to the filing of his EEOC complaint, Wright had given him a superior rating. He also testified that his rating was decreased despite the fact that he had completed 31 of 41 scheduled audits, whereas Roger Samuel, another supervising auditor at El Segundo who completed only 6-8 of 40 audits, did not have his rating decreased.
 Under established Ninth Circuit precedent, this evidence suffices to establish the final element of Cruz's prima facie case of retaliation. See Yartzoff, 809 F.2d at 1356 ("Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision."). Accordingly, we reverse the district court's judgment in favor of the DCAA on Cruz's retaliation claim and remand the case to the district court. On remand, the DCAA should have the opportunity to present legitimate, nondiscriminatory reasons for its challenged actions. If it does so, Cruz must be afforded an opportunity to show that those reasons were pretextual and that the DCAA's actions were based on impermissible considerations. See St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742 (1993).
 III. JURY TRIAL
 The Supreme Court's decision in Landgraf v. USI Film Products, 114 S.Ct. 1483 (1994), forecloses Cruz's claim that he was entitled to a jury trial. Cruz concedes that the jury trial provision of the Civil Rights Act of 1991 would be applicable in this case only if the provision applies retroactively. In Landgraf, decided after the briefs were filed, the Supreme Court expressly ruled that the provision, set forth in Sec. 102 of the Act, does not apply retroactively.[1]
 CONCLUSION
 For the reasons stated above, we affirm the district court's judgment in favor of the DCAA on Cruz's failure-to-promote claim, but reverse the court's dismissal of his retaliation claim.
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his "Notice of New Authority," filed on May 27, 1994, Cruz makes the argument that "the rule [set forth in Landgraf ] does not apply to cases arising in California." This argument borders on the frivolous. Cruz has presented no basis upon which this court conceivably could distinguish Landgraf